IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE<br>100 Erie Insurance Place<br>Erie, PA 16530 | *<br>*<br>*<br>* | |
| Plaintiff | *<br>* | |
| v. | *<br>* | Case No.:_____ |
| HAL WALLS<br>6259 Alforth Avenue<br>Alexandria, VA 22315 | *<br>*<br>*<br>* | |
| BARBRANDA WALLS<br>6259 Alforth Avenue<br>Alexandria, VA 22315 | *<br>*<br>*<br>* | |
| DONALD HINKLE<br>6263 Alforth Avenue<br>Alexandria, VA 22315 | *<br>*<br>*<br>* | |
| VINCENT EDWARDS<br>1334 Forest Stevens Drive<br>Apt. 303<br>Washington, D.C. 20007 | *<br>*<br>*<br>*<br>* | |
| Defendants | * | |

**COMPLAINT FOR DECLARATORY RELIEF**

**COMES NOW** the Plaintiff, Erie Insurance Exchange ("Erie"), by and through its counsel, McCarthy Wilson LLP, and hereby files this Complaint for Declaratory Relief. In support thereof, the Plaintiff states as follows:

## PARTIES

1. The Plaintiff, Erie Insurance Exchange ("Erie"), whose principal offices are located in Erie, Pennsylvania, is an insurance company formed in Pennsylvania and licensed to conduct business in the District of Columbia.

2. The Defendants, Hal and Barbranda Walls, are individuals residing at 6259 Alforth Avenue, Alexandria, Virginia 22315. At all times relevant hereto, Barbranda Walls maintained an insurance policy issued by Erie, out of which this dispute arises. Hal Walls, Barbranda's husband, is an insured under the policy under certain circumstances. Barbranda Walls is the title owner of the real property in the District of Columbia at which Defendant Donald Hinkle's injuries allegedly were sustained.

3. The Defendant, Donald Hinkle, is an individual residing at 6263 Alforth Avenue, Alexandria, Virginia 22315, who has asserted a claim under the policy for injuries allegedly sustained on or about August 29, 2005, at real property owned by Barbranda Walls in the District of Columbia.

4. The Defendant, Vincent Edwards, is an individual residing at 1334 Forest Stevens Drive, Washington, D.C. 20007, who was present at the time Defendant Hinkle's injuries allegedly were sustained by virtue of having been retained by Hall Walls to perform work at the Walls property.

## JURISDICTION, VENUE AND NATURE OF ACTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C., § 1332(a)(1) because there is complete diversity of citizenship between the Plaintiff and the

Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district, and the property at which the alleged occurrence happened is located in this district.

7. This is an action by Erie pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding its rights and obligations under an Erie Ultrasure Package Policy for Landlords, Policy Number Q422780347 (ed. 5/88)(the "Policy") issued by Erie to Barbranda Walls as named insured. This action arises out a claim asserted by Donald Hinkle under the Policy for compensation for personal injuries allegedly sustained at property owned by Barbranda Walls in Washington, D.C. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties as to rights and obligations under the Policy.

## **FACTS**

8. On or about August 29, 2005, Hal Walls asked Donald Hinkle to inspect a sky light at property located at 1117 Abbey Place, Northeast, Washington, D.C., titled in the name of Barbranda Walls (the "Property").

9. Vincent Edwards accompanied Mr. Hinkle and Mr. Walls at the Property to inspect the skylight. Leaks at the Property apparently necessitated that the skylight be examined to determine whether it needed to be repaired or replaced.

10. Mssrs. Hinkle and Edwards used a ladder to ascend from the first floor to the second floor roof of the Property to inspect the skylight.

11. Mr. Hinkle contends that while using the ladder, he fell from it, causing him personal injuries and damages (the "occurrence").

12. Although no lawsuit has been filed by Mr. Hinkle against either Mr. Walls or Mr. Edwards arising out of the occurrence, Mr. Hinkle has asserted a claim under the Policy arising out of the injuries allegedly suffered as a result of the fall. The Wallses have asked for insurance coverage from Erie.

## THE POLICY

13. Barbranda Walls is the named insured under the Policy. See Exhibit A.

14. The Policy provides coverage for Personal Injury Liability as follows:

> **We** will pay for damages because of **personal injury** or **property damage** for which the law holds **anyone we protect** responsible and which are covered by **your** policy. **We** cover only **personal injury** and **property damage** which occurs during the policy period. The **personal injury** or **property damage** must be caused by an **occurrence** which takes place in the covered territory.

Policy at p. 13. "**Anyone we protect**" and "**Insured**" are defined in the Policy, in pertinent part, to include (1) **you** (the Named Insured); (2) **your** spouse with respect to the conduct of your business, if you are doing business as an individual; (5) **your** employees while in the course of their employment. Employees are not **Insureds** for **personal injury** to **you** or to a co-employee while in the course of their employment. Policy at p. 3. "**Bodily Injury**" is defined to as "physical harm, sickness or disease sustained by a person. **Bodily injury** also includes care and loss of services and death at any time resulting from **bodily injury**." "**Occurrence**" is defined as "an accident, including continuous or repeated exposure to the same general, harmful conditions," and

"**Personal Injury**" means injury arising out of, among other things, **bodily injury.** Policy at pp. 4-5.

15. The Policy excludes from Personal Injury Liability coverage "any obligation of **anyone we protect** under any workers compensation, unemployment compensation, disability benefits or similar law," as well as "**bodily injury** to employees of **anyone we protect** arising out of their employment by **anyone we protect** for which **anyone we protect** may be held liable as an employer or in any other capacity." Policy at pp. 14-15.

16. The Policy also provides Medical Payments coverage as follows:

**We** will pay all reasonable medical expenses to any person injured by an **occurrence**. We cover only medical expenses resulting from an **occurrence** which takes place during the policy period and in the covered territory. The services must be rendered within three years of the **occurrence**. The **occurrence** must arise from a condition in the premises or operations shown on the Declarations. The three year limitation does not apply to funeral expenses.

Policy at p. 13.

17. The Policy excludes from Medical Payments Coverage "expenses for **bodily injury** to (1) **anyone we protect**; and (2) any person (a) injured on that part of premises **you** own or rent and that the person normally occupies, (b) hired to do work for or on behalf of **anyone we protect** or a tenant of **anyone we protect**; or (c) if benefits are payable under any workers compensation, unemployment compensation, disability benefits law or similar law. Policy at p. 15.

18.  The Policy provides, as a condition of coverage, that upon an accident or occurrence, "**anyone we protect** will notify us or our Agent in writing as soon as possible" with the details of the accident or occurrence.  Policy at p. 16.

19.  There are other Policy provisions, including exclusions, that may be implicated by specific allegations or proof in any tort suit filed by Mr. Hinkle, or someone claiming for, through or derivatively from him, including, but not limited to, the requirement that an occurrence, giving rise to medical expenses for which coverage is sought under the Medical Payments coverage grant, arise from a condition in the premises or operations shown on the Declarations.  Policy at p. 13.  Erie reserves the right to rely upon any and all such provisions and exclusions.

### THE INSUREDS' FAILURE TO PROVIDE TIMELY NOTICE

20.  The incident out of which this dispute arises allegedly occurred on or about August 29, 2005.

21.  The insureds did not provide any notice of this incident to Erie until November 15, 2005.

22.  There was nothing preventing the insureds from notifying Erie sooner, and therefore notification in November, 2005, was not "as soon as possible" as required by the Policy.

### STATUS OF HINKLE AND EDWARDS: EMPLOYEES OR INDEPENDENT CONTRACTORS

23.  Whether there is coverage for Mr. Hinkle's alleged injuries under the Personal Injury Liability Coverage Grant of the Policy, depends, in part, on whether he is

an employee, or independent contractor, of Barbranda and Hall Walls. Similarly, whether Mr. Edwards is an insured under the Policy for any claims that may be asserted against him by Mr. Hinkle depends, in part, on whether Edwards is an employee (or independent contractor) of Barbranda and Hall Walls, and whether Mr. Hinkle also is an employee (or independent contractor).

24. Although an employee of Barbranda and Hall Walls can be an insured under the Policy, he is not an insured for personal injury to a co-employee while in the course of his employment. Because Mr. Edwards and Mr. Hinkle were employees of Barbranda and Hall Walls at the time of the alleged occurrence, there is no coverage for Mr. Edwards for any claim asserted against him arising out of Mr. Hinkle's alleged personal injuries. See ¶ 14 of Complaint; Policy at p. 3

25. Further, the Policy excludes coverage for "**bodily injury** to employees of **anyone we protect** arising out of their employment by **anyone we protect** for which **anyone we protect** may be held liable as an employer or in any other capacity." Because Mr. Hinkle was an employee of Barbranda and Hall Walls, there is no coverage for his alleged bodily injuries under the Policy. See ¶ 14 of Complaint; Policy at pp. 14-15.

26. The Policy also excludes from Medical Payments Coverage expenses for bodily injury to any person hired to do work for or on behalf of **anyone we protect.** See ¶ 15 of Complaint; Policy at p. 15. Mr. Hinkle was hired by Barbranda and/or Hall Walls to do work for them, and therefore any expenses incurred by him as a result of his alleged bodily injuries are not covered by the Policy.

## COUNT I
## (Declaratory Relief)

27. Plaintiff re-states, re-alleges and incorporates herein all facts and allegations as discussed above, as well as the terms and conditions of the Policy attached hereto as Exhibit A.

**WHEREFORE**, based on the foregoing, the Plaintiff respectfully requests that this Court enter judgment in its favor, and:

    A.    Declare that the Defendants, Hal and Barbranda Walls, breached the notice provision of the insurance policy with the Plaintiff;

    B.    Declare that as a result of the breach of the notice provision, Erie does not have a duty to defend or indemnify Hal or Barbranda Walls, or any other insured or potential insured under the Policy, in any lawsuit that may be filed against any or all of them by Donald Hinkle, or anyone claiming for, through or derivatively from him; and

    C.    Declare that Donald Hinkle was, at all times relevant to this Complaint, an employee of Barbranda Walls and Hall Walls; and

    D.    Declare that because of Donald Hinkle's status as an employee of Barbranda and Hall Walls, there is no coverage under the Policy for any personal or bodily injuries suffered by him, and therefore Erie does not have any duty to defend or indemnify its insureds in any lawsuit suit filed against any or all of them by Mr. Hinkle, or anyone claiming for, through or derivatively from him; and

    E.    Declare that Vincent Edwards was, at all times relevant to this Complaint, an employee of Barbranda Walls and Hall Walls; and

  F. Declare that because of Vincent Edward's status as an employee of Barbranda and Hall Walls, there is no coverage under the Policy for any lawsuit filed against him by Mr. Hinkle, or anyone claiming for, through or derivatively from him, arising out of the occurrence, and therefore Erie does not have any duty to defend or indemnify Mr. Edwards in any such lawsuit; and

  G. Declare that Donald Hinkle was a person hired by Hal and/or Barbranda Walls to do work for or on their behalf, and there is therefore no Medical Payments coverage for any medical or related expenses that may have been incurred by Mr. Hinkle arising out of the occurrence; and

  H. Declare, to the extent Barbranda and/or Halls Walls may later be found to be liable for any workers compensation, unemployment compensation, disability benefits or other benefits under similar law, that such liability is not covered under the Policy; and

  I. Award Erie such additional declaratory and other relief as shall be found to be appropriate under the circumstances.

Date: March 23, 2006        Respectfully submitted,

              McCARTHY WILSON LLP

         By:     /s/
           Thomas Patrick Ryan, Esq. #348862
           Ronald W. Cox, Jr., Esq. #451217
           100 South Washington Street
           Rockville, Maryland 20850
           (301) 762-7770 phone
           (301) 762-3023 fax
           *Attorneys for Plaintiff*