IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ERIE INSURANCE EXCHANGE** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. |
| : | 1:06CV00573 (ESH) |
| **HAL WALLS et al.,** : | |
| : | |
| **Defendants.** : | |

# ANSWER OF DEFENDANT DONALD HINKLE
# TO COMPLAINT FOR DECLARATORY RELIEF

Defendant Donald Hinkle answers the Complaint for Declaratory Relief filed by Plaintiff Erie Insurance Exchange by stating as follows:

### First Defense

The Complaint for Declaratory Relief may fail to state a claim against Defendant Donald Hinkle upon which relief can be granted.

### Second Defense

The claims set forth in the Complaint for Declaratory Relief may be barred by the applicable statute of limitations.

### Third Defense

The claims set forth in the Complaint for Declaratory Relief may be barred by the doctrine of laches.

### Fourth Defense

Defendant Donald Hinkle responds to the specific averments contained in the

Complaint for Declaratory Relief as follows:

1.      Defendant Donald Hinkle is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint for Declaratory Relief.

2.      Defendant Donald Hinkle admits the averment contained in the first sentence of paragraph 2 of the Complaint for Declaratory Relief but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in that paragraph.

3.      Defendant Donald Hinkle admits that he resides at 6263 Alforth Avenue, Alexandria, Virginia 22315, and that he has asserted a claim for injuries sustained on or about August 29, 2005, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 3 of the Complaint for Declaratory Relief.

4.      Defendant Donald Hinkle admits that Vincent Edwards was present at the time Defendant Hinkle's injuries were sustained, but is without knowledge or information sufficient to form a believe as to the truth of the remaining averments contained in paragraph 4 of the Complaint for Declaratory Relief.

5.      Defendant Donald Hinkle is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of the Complaint for Declaratory Relief.

6.      Defendant Donald Hinkle admits the averments contained in paragraph 6 of the Complaint for Declaratory Relief.

7.      Defendant Donald Hinkle admits that Plaintiff Erie Insurance Exchange

purports to bring this action pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment, and that this action purportedly arises out of a claim he asserted for compensation for personal injuries, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 7 of the Complaint for Declaratory Relief.

8. Defendant Donald Hinkle admits that, on or about August 29, 2005, Hal Walls asked him to inspect a skylight located at 1117 Abbey Place, N.E., Washington, D.C., but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 8 of the Complaint for Declaratory Relief.

9. Defendant Donald Hinkle admits the averments contained in the first sentence of paragraph 9 of the Complaint for Declaratory Relief, but is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of that paragraph.

10. Defendant Donald Hinkle admits that he and Vincent Edwards used a ladder to ascend to the second-floor roof of the property located at 1117 Abbey Place, N.E., Washington, D.C.,, but denies the remaining averments contained in paragraph 10 of the Complaint for Declaratory Relief.

11. Defendant Donald Hinkle admits that he contends that, while using the ladder, he fell, causing personal injuries and damages, but denies the remaining averment contained in paragraph 11 of the Complaint for Declaratory Relief.

12. Defendant Donald Hinkle admits the averments contained in the first sentence of paragraph 12 of the Complaint for Declaratory Relief, but is without

knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of that paragraph.

13. Defendant Donald Hinkle is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 13 through 19 of the Complaint for Declaratory Relief.

14. Defendant Donald Hinkle admits that he has asserted a claim for personal injuries and damages he sustained on August 29, 2005, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averment contained in paragraph 20 of the Complaint for Declaratory Relief.

15. Defendant Donald Hinkle is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 21 through 23 of the Complaint for Declaratory Relief.

16. Defendant Donald Hinkle denies that he was an employee of Barbranda and Hal Walls at the time of the alleged occurrence, but is without knowledge of information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 24 of the Complaint for Declaratory Relief.

17. Defendant Donald Hinkle denies that he was an employee of Barbranda and Hal Walls, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 25 of the Complaint for Declaratory Relief.

18. Defendant Donald Hinkle denies that he was hired by Barbranda or Hal Walls to do work for them, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 26 of the

Complaint for Declaratory Relief.

19. In response to paragraph 27 of the Complaint for Declaratory Relief, Defendant Donald Hinkle incorporates herein by reference all admissions, denials, and defenses previously set forth in response to paragraphs 1 through 26 of the Complaint for Declaratory Relief.

20. Defendant Donald Hinkle denies all averments contained in the Complaint for Declaratory Relief not specifically admitted.

WHEREFORE, Defendant Donald Hinkle prays that the Complaint for Declaratory Relief be dismissed, that judgment be rendered in favor of Defendant Donald Hinkle, and that appropriate costs and attorneys fees be awarded to Defendant Donald Hinkle along with such further relief as the Court deems appropriate.

                                    Respectfully submitted,

                                    KOONZ, McKENNEY, JOHNSON,
                                     DePAOLIS & LIGHTFOOT, L.L.P.

                                  By:  /s/ Roger C. Johnson
                                      Roger C. Johnson (D.C. Bar #940577)
                                      Andrew W. Cohen (D.C. Bar #441149)
                                      2001 Pennsylvania Avenue, N.W.
                                      Suite 450
                                      Washington, DC  20006
                                      Tel:  (202) 659-5500
                                      Attorneys for Defendant Donald Hinkle

Date:  May 12, 2006