IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No.: 06-CV-573 ESH |
| | * | |
| VINCENT EDWARDS, et al. | * | |
| | * | |
| Defendants | * | |

**RULE 16 REPORT**

COMES NOW the Plaintiff and Defendant Donald Hinkle, by their undersigned counsel, and submit the following preliminary Rule 16 Report:

1.  Whether the case is likely to be disposed of by dispositive motion and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

    The Plaintiff intends to file a dispositive motion following discovery.

2.  The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

    Not Applicable.

3.  Whether the case should be assigned to a magistrate judge for all purposes, including trial.

    No.

4.  Whether there is a realistic possibility of settling the case.

    The parties do not believe so, but await compulsory discovery before making a final decision in that report.

5.  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate

such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The parties do not believe that ADR would be beneficial at this time, but mediation may be beneficial following discovery and the Court's rulings on dispositive motions.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions, and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

The parties request that they be given thirty days following the close of discovery to file dispositive motions.

7. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties agree to dispense with disclosures required by Rule 26(a)(1), although they agree to exchange a list of witnesses and relevant documents in each party's custody, possession or control within thirty (30) days following the issuance of the Scheduling Order.

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The parties request ninety (90) days for discovery. The deadline for discovery would be August 30, 2006. (All discovery to be served for responses on or before August 30, 2006).

Depositions:         limit of 7 per party; no more than 10 hours total.

Interrogatories:     25

Otherwise pursuant to Federal Rules.

9. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ. P., should be modified, and whether and when depositions of experts should occur.

2

       The parties do not anticipate the need for expert testimony but will identify any experts within the time prescribed by Rule 26 (a)(2).

10. <u>In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and he timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.</u>

    Not Applicable.

11. <u>Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.</u>

    Not Applicable.

12. <u>The date for the pretrial conference (understanding that a trial will take place 30 to 60 thereafter).</u>

    Thirty (30) days following all rulings on dispositive motions (December 1, 2006).

13. <u>Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.</u>

    The parties prefer that the trial date be set at the Pre-Trial Conference.

14. <u>Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.</u>

    None at this time.

       Respectfully submitted,

       McCARTHY WILSON LLP

       _____/s/_____
       Thomas Patrick Ryan, Esq. #348862
       Ronald W. Cox, Jr., Esq. #451217
       100 South Washington Street
       Rockville, Maryland 20850
       (301) 762-7770 phone
       (301) 762-3023 fax
       *Attorneys for Plaintiff*

>KOONZ, McKENNEY, JOHNSON
>DePAOLIS & LIGHTFOOT, LLP
>
>_____/s/_____
>Andrew W. Cohen, Esq.
>2001 Pennsylvania Avenue, N.W.
>Suite 450
>Washington, D.C. 20006
>(202) 659-5500
>*Attorney for Defendant Hinkle*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th th day of June, 2006, the Plaintiff served a copy of the Rule 16 Report sending same via first class mail, postage pre-paid, to the following:

Andrew W. Cohen, Esq.
2001 Pennsylvania Avenue, N.W.
Suite 450
Washington, D.C. 20006
*Attorney for Defendant Hinkle*

_____/s/_____
Ronald W. Cox, Jr.

      (i)      the client's goals in bringing or defending the litigation;