IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE | * | |
|     Plaintiff | * | |
| v. | * | Case No.: 06-CV-573 ESH |
| VINCENT EDWARDS, et al. | * | |
|     Defendants | * | |

**STATUS REPORT FOR MAGISTRATE JUDGE**

COMES NOW the Plaintiff and Defendant Donald Hinkle, by their undersigned counsel, and submit the following status report in advance of the status conference before the Magistrate Judge:

1. Whether the case is likely to be disposed of by dispositive motion and whether, if a disposifive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

    The Plaintiff intends to file a dispositive motion following discovery.

2. The date by which any other parties shall be ioined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

    The parties do not presently anticipate joining any additional parties. Defendant Vincent Edwards needs to be served. Despite efforts, Plaintiff has been unable to locate a current address for him. Those efforts will continue. It is possible that one of the likely deponents in this case will have information as to Mr. Edwards' whereabouts. The parties reserve the right to amend their pleadings pursuant to the Federal Rules.

3. Whether the case should be assigned to a magistrate iudge for all purposes, including trial.

    Yes.

4. Whether there is a realistic possibility of settling the case.

    The parties do not believe so, but await the completion of discovery before making a final

2

decision in that respect.

5. <u>Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.</u>

The parties do not believe that ADR would be beneficial at this time, but mediation may be beneficial following discovery and the Court's rulings on dispositive motions.

6. <u>Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions, and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.</u>

The parties request that they be given thirty days following the close of discovery to file dispositive motions.

7. <u>Whether the parties should stipulate to dispense with the initial disclosures required by F.R.C.P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.</u>

The parties agree to dispense with disclosures required by Rule 26(a)(1), although they agree to exchange a list of potential witnesses and relevant documents in each party's custody, possession or control within thirty (30) days following the issuance of the Scheduling Order.

8. <u>The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.</u>

The parties request one hundred twenty (120) days for discovery. The deadline for discovery would be January 15, 2007. (All discovery to be served such that responses are due on or before January 15, 2007).

Depositions:         limit of 7 per party; no more than 10 hours total.

Interrogatories:      25

      Otherwise pursuant to Federal Rules.

9. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.C.P., should be modified, and whether and when depositions of experts should occur.

      The parties do not anticipate the need for expert testimony but will identify any experts within the time prescribed by Rule 26 (a)(2).

10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and he timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

      Not Applicable.

11. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

      Not Applicable.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 thereafter).

      Approximately thirty (30) days following all rulings on dispositive motions (April 15, 2007).

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

      The parties prefer that the trial date be set at the Pre-Trial Conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

      None at this time.

      Respectfully submitted,

      McCARTHY WILSON, LLP

      /s/
Thomas Patrick Ryan, Esq. #348862
Ronald W. Cox, Jr., Esq. #451217
100 South Washington Street
Rockville, Maryland 20850

          (301) 762-7770 phone
          (301) 762-3023 fax
          *Attorneys for Plaintiff*

          KOONZ, McKENNEY, JOHNSON
          DePAOLIS & LIGHTFOOT, LLP

             /s/
          Andrew W. Cohen, Esq.
          2001 Pennsylvania Avenue, N.W.
          Suite 450
          Washin~on, D.C. 20006
          (202) 659-5500
          *Attorney for Defendant Hinkle*

### **CERTIFICATE OF SERVICE**

 I hereby certify that on this 26th day of September, 2006, the Plaintiff served a copy of the Status Report sending same via first class mail, postage pre-paid, to the following:

          Andrew W. Cohen, Esq.
          2001 Pennsylvania Avenue, N.W.
          Suite 450
          Washington, D.C. 20006
          *Attorney for Defendant Hinkle*


          */s/* Ronald W. Cox, Jr.